UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY JONES,

    Petitioner,

v.                                            Case No. 8:05-cv-63-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Jones petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for possessing cocaine with the intent to distribute, for which conviction Jones serves ten years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 9). The respondent concedes both the petition's timeliness and the exhaustion of state remedies (Response at 16 Doc. 9).

## **FACTS**[1]

On August 25, 1998, a St. Petersburg police officer arrested Sheryl McFadin on an outstanding misdemeanor warrant. She volunteered to arrange a narcotics buy similar to her earlier cooperation that resulted in a narcotics arrest. Under police supervision, she arranged for "Shorty" to deliver to her some cocaine. Jones arrived at the prescribed location and he was arrested. In his car police found cocaine and a pager containing a record of receiving a call from the telephone number used to contact

---

[1] This summary of the facts derives from Jones's brief on direct appeal (Respondent's Exhibit 2).

"Shorty." After first denying knowledge of the cocaine, Jones admitted that the police would find his fingerprints on the canister containing the cocaine. Jones denied selling cocaine but claimed that he used the cocaine to pay prostitutes such as Ms. McFadin.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a

- 2 -

conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Jones's conviction and sentence on direct appeal in a per curiam decision without a written opinion, and likewise affirmed (Respondent's Exhibit 9) the denial of his subsequent Rule 3.850 motion for post-conviction relief. The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Jones bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert.

denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Jones's post-conviction claims (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 6 at 22-25, 73-76, and 114-17).

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Jones claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate

- 4 -

assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Jones must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Jones must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Jones cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested

- 5 -

> in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Jones must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court summarily denied some of the claims of ineffective assistance of counsel (Respondent's Exhibit 6 at 22-25 and 73-76) and denied the remaining claims after conducting an evidentiary hearing (Respondent's Exhibit 6 at 114-17). The state court recognized that Strickland controls a claim of ineffective assistance of counsel.

> Defendant's allegations are based on ineffective assistance of counsel. To successfully argue a claim of ineffective assistance of counsel, Defendant must prove that counsel's performance was deficient and that deficiency caused Defendant to suffer prejudice. See Strickland v. Washington, 466 U.S. 668 (1984). To satisfy the prejudice test the Defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance. See id.; See Haliburton v. Singletary, 691 So. 2d 466 (Fla. 1997).

Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Jones cannot meet the "contrary to" test in Section 2254(d)(1). Jones instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

### A. Grounds Rejected as Insufficiently Alleged

The state court summarily rejected four grounds without an evidentiary hearing.

Ground One:

Jones alleges that trial counsel performed deficiently by not filing a motion in limine to restrict Officer Alan's testimony. The state court rejected this claim as follows:

> Defendant alleges that counsel was ineffective for failing to file Defendant's Motion In Limine. Defendant contends the Motion In Limine sought to limit Officer Alan's testimony by excluding references to Ms. McFadin, a witness who did not testify. Defendant concedes it is unknown whether the motion would have been successful.
>
> Defendant fails to allege that any legal or factual basis existed on which to base the motion in limine. The record reveals that during Officer Alan's testimony counsel did offer objections to the officer's testimony. Furthermore, during closing arguments, counsel presented weaknesses in the State's case, including Officer Alan's testimony. The Court finds Defendant has not proven that counsel['s] performance was deficient for failing to file a motion [in] limine and he has not shown prejudice. As such, this allegation is denied.

Respondent's Exhibit 6 at 23. Jones argues that a successful motion in limine would have precluded the introduction of hearsay testimony, but Jones fails to identify what hearsay testimony was wrongly permitted into evidence and the record supports the respondent's argument that the prosecutor was careful not to elicit inadmissible hearsay testimony. Accordingly, Jones fails to show that the state court unreasonably applied Strickland.

- 7 -

Ground Three:

Jones alleges that trial counsel performed deficiently by failing to interview and depose Ms. McFadin, the state's confidential informant. The state court rejected this claim as follows:

> Defendant alleges that counsel was ineffective for failing to locate, depose and subpoena Ms. Sheryl Lynn McFadin. Defendant concedes that counsel did attempt to locate Ms. McFadin at the Goodwill Drug Program, but she was no longer a resident at the facility. He further concedes that counsel filed a motion to compel Ms. McFadin's location; however, the court denied that motion.
>
> The Court finds the record demonstrates that counsel did utilize all techniques in an attempt to locate the witness, but those attempts were unsuccessful. As such, the Court finds counsel's performance was within reasonable, professional standards and his performance was not deficient. This allegation is denied.

Respondent's Exhibit 6 at 23-24. Jones contends that counsel's performance was deficient because counsel failed to find Ms. McFadin, but Jones never identifies how counsel's efforts were deficient. Accordingly, Jones fails to show that the state court unreasonably applied Strickland.

Ground Five:

Jones alleges that trial counsel performed deficiently by failing to investigate and present two exculpatory witnesses. The state court rejected this claim as follows:

> Defendant contends he provided counsel with the names and address of friends, Eddie and Diane, and counsel failed to investigate and subpoena those witnesses. Defendant argues these witnesses would have testified that Defendant never sold drugs to them and would have rebutted testimony that Defendant was a drug dealer.
>
> The record evidences that testimony did not allege that Defendant was a generalized drug dealer. Rather, the testimony and arguments revealed the State sought to prove that Defendant sold crack cocaine to a particular

> individual, at a specific location, in response to that person's request for drugs. In fact, the State never referred to Defendant as a drug dealer.
>
> The Court finds that since the offense concentrated on Defendant's sale of cocaine to a specific individual, and the offense did not involve the above-mentioned individuals, then the witnesses' potential testimony would not have refuted the testimony that Defendant did engage in actions to sale [sic] illegal drugs as charged. As such, the Court finds Defendant has not proven that counsel's performance was deficient or that the trial's outcome would have been different. Thus, this claim is denied.

Respondent's Exhibit 6 at 74. The state court correctly ruled that (1) whether Jones had ever sold drugs to "Eddie and Diane" is irrelevant to whether he sold drugs to another individual and (2) that counsel's failure to investigate "Eddie and Diane" was not deficient performance. Accordingly, Jones fails to show that the state court unreasonably applied Strickland.

Ground Six:

Jones alleges that trial counsel performed deficiently by not presenting a defense of misidentification. The state court rejected this claim as follows:

> Defendant claims that counsel failed to conduct adequate pre-trial investigation and that he failed to present evidence at trial. The record reveals that counsel did engage in discovery and filed a motion to suppress. A hearing was conducted on the motion, which the Court denied. Also, the record demonstrates that counsel conducted several depositions. Moreover, the record shows that counsel did present evidence and arguments for the jury's consideration. The Court finds the record refutes Defendant's allegations and he has not shown that counsel's performance was deficient. This claim is denied.

Respondent's Exhibit 6 at 24. Although the state court summarily denied this ground without an evidentiary hearing, the state court's findings of fact following the evidentiary hearing regarding ground seven are relevant and control the review of ground six.

> [T]he police officers testified that the officer dialed on a departmental cell phone the number that the CI supplied, overheard the CI place the order

- 9 -

> for cocaine, designated the time and place for the sale, overheard the content of the returned phone call, and saw Defendant's car arrive at the time and place previously arranged. They also testified that the CI indicated that the car contained the CI's dealer and the departmental cell phone number matched one of the numbers found on Defendant's pager. Defendant did not claim that the pager belonged to some one else in his Motion or in his hearing testimony.

Respondent's Exhibit 6 at 117. Jones fails to allege any basis for a misidentification defense. Accordingly, Jones fails to show that the state court unreasonably applied Strickland.

### B. Grounds Rejected After An Evidentiary Hearing

The state court rejected three claims after conducting an evidentiary hearing. The court prefaced its order with the following observation.

> Defendant has failed to meet his burden to prove by clear and convincing evidence the allegations made in his motion for post-conviction relief. See Stewart v. State, 459 So. 2d 426 (Fla. 1st DCA 1984); see also State v. Gomez, 363 So. 2d 624 (Fla. 3d DCA 1978) (overruled on other grds [sic] in Tarfero v. State, 406 (Fla. 3d DCA 1981)). Defendant was the only witness who testified at the hearing. Defendant's former counsel was not available at the hearing to offer testimony due to his medical condition. It is a generally accepted principle that a court may reject otherwise unrefuted testimony if the testimony is found to be not credible and reasons are set forth for this determination. Thompson v. Douds, 852 So. 2d 299, 309 (Fla. 2d DCA 2003); Hurst v. State, 819 So. 2d 689, 700 (Fla. 2002); Bray v. Electric Door-Lift, Inc., 558 So. 2d 43, 46 (Fla. 1st DCA 1989). Based on the witness's demeanor, appearance, and testimony, the Court does not find the self-serving statements of Defendant, a thirteen time convicted felon, now alleged nearly four years after his trial regarding his ex-counsel's ineffective representation, credible. Said reasons for this credibility determination are set forth below.

Respondent's Exhibit 6 at 114.

Ground Two:

Jones alleges that trial counsel failed to investigate Tina Morrison as a potential exculpatory witness. The state court rejected this claim as follows:

- 10 -

As to the first remaining claim (Ground 2), Defendant contended that counsel was ineffective in failing to investigate and call Tina Morrison as a witness at trial. As prejudice for not calling the witness to testify, Defendant stated in his Motion that the witness would admit that the cocaine in the car was hers. Defendant's testimony described this woman as little more than a casual acquaintance whom he had met only one other time at a motel where she was staying. Defendant's testimony was inconsistent on the date this prior contact occurred. He testified both that he met her a month before his arrest in August 1998 and then that he first met her in January 1998. He testified that at the time of his arrest he told police that a passenger had been in his car, but he failed to give the officer her name, address, description, etc.; however, now at trial Defendant gave a highly detailed description of her. When pressed by the State on cross-examination, Defendant steadfastedly maintained that Ms. Morrison would testify as such without offering any explanation as to why this obvious transient and mere casual acquaintance, if she even exists and could be found, would admit to committing a felony for Defendant. It is also hard to fathom that a passenger would forget and leave such valuable property, twenty-six pieces of cocaine, behind in Defendant's automobile. Further, negatively impacting Defendant's credibility is the fact that he could not explain why when counsel allegedly told him (according to his testimony) that he did not investigate this vital witness to his defense, Defendant would not have insisted on an explanation. Consequently, the Court finds for the foregoing reasons that Defendant's testimony on this subject is not credible and unworthy of belief.

Furthermore, assuming that Defendant did tell his counsel about this witness's existence, nothing suggests that counsel would be able to locate the witness for trial. Defendant testified and the record indicates that he was arrested on August 25, 1998. Defendant could not remember precisely when he told his counsel, except that it was at their first meeting. The record indicates that the meeting occurred somewhere before and near September 17, 1998. Defendant acknowledged in his motion and testimony that the only address he had for the witness was a hotel. There was nothing presented at the evidentiary hearing to suggest that even if counsel had known about the witness, that counsel could have located the witness due to the temporary nature of her lodgings.

Moreover, Defendant never produced the witness at the evidentiary hearing for the Court's examination. There was no testimony presented that the witness would be willing and available to testify at any subsequent proceedings. Nor did Defendant present any evidence that an attempt to locate the witness was made or advance that the witness could be located.

Respondent's Exhibit 6 at 115.  The state court's finding rejecting the credibility of Jones's testimony binds this court.  Additionally, Jones shows no reasonable basis to believe that counsel should have located Tina Morrison and presented her as a defense witness.   Accordingly, Jones fails to show that the state court unreasonably applied Strickland.

Grounds Four and Seven:

Jones alleges in ground four that trial counsel refused to allow Jones to testify.  In ground seven Jones faults counsel for not pursuing a defense theory that he was "set-up" by the confidential informant and prosecuted because he refused to cooperate with the police.  The state court rejected these interrelated claims as follows:

> Based on Defendant's arguments at the evidentiary hearing, the Court finds that the second and final claims (grounds four & seven) --- that counsel was ineffective in refusing to permit Defendant to testify and counsel's failure to present the defense theory that Defendant was framed by the confidential informant and was prosecuted for failing to co-operate with law enforcement in other drug-related matters --- are interrelated. Defendant argues at hearing that he was prejudiced by counsel's refusal to permit him to testify since only through his testimony could his defense theory be presented.  First, Defendant's allegations in his motion and in his live testimony at the evidentiary hearing are conflicting.  Defendant testified at the evidentiary hearing that counsel misadvised him that if he chose to testify that the details of his felony convictions for drug related offenses would be disclosed to the jury.  Nowhere in his Motion does he state this. Instead, Defendant stated only that counsel "had advised Defendant that he did not want Defendant to testify due to his prior record" and that "Defendant wanted to testify at trial for the counsel allowed him to testify at the suppression hearing."  Based on Defendant's demeanor and appearance coupled with the fact this vital and important allegation is of the type that most likely would have been included in his motion if counsel had said such, the Court finds Defendant's testimony not credible on this issue. The Court finds that if counsel did say such, that Defendant merely misunderstood the context in which he was stated --- that Defendant could "open the door" to the introduction of the details of his prior crimes.

Supporting this conclusion is the nature of Defendant's desired defense (that the CI framed him and that he was prosecuted for non-cooperation) and the record itself. If Defendant did testify that he did not know that cocaine was in the car, it is highly likely that to boost his credibility and explain his non-cooperation with police that he may spontaneously utter that he was not a drug dealer. In fact, when the State questioned Defendant on what he would have testified to at trial concerning this defense, he stated that he would deny ownership of the cocaine and having ever sold drugs. This testimony at trial would have "opened the door," in that the jury would hear that Defendant's prior record included convictions for possession with intent to sell. See Ashcroft v. State, 465 So. 2d 1374 (Fla. 2d DCA 1985) (by testifying that he had never hurt anyone before in his crimes, the defendant opened the door to questioning about a prior rape conviction); see also Hernandez v. State, 569 So. 2d 857 (Fla. 2d DCA 1990) (by testifying that he had never done drugs in his life, the defendant opened the door to questioning about a prior drug deal he arranged).

Nor did counsel refuse to let Defendant testify at trial. Defendant repeatedly stated several times during his testimony that he followed his counsel's advice, which implies that counsel did not "refuse" to let him testify, but that Defendant, based on counsel's advice, made a choice not to testify. It was only when prompted by the State did he say counsel refused to let him testify.

Further, his purported defense --- that the CI framed him and that his prosecution hinged on the fact that he failed to cooperate with law enforcement on other drug related cases --- was not viable. The State, not the police, decides whether charges should or should not be pursued. See State v. J.M., 718 So. 2d 316 (Fla. 2d DCA 1998). Even if the police were motivated by his non-cooperation in forwarding the basis for the charges to the prosecutor, ill motivation is not a defense. Further, nowhere in his Motion or during the evidentiary hearing does Defendant contest the fact that cocaine was found in his possession nor that the police or the CI planted the evidence. The State's expert witness and the officer testified at trial that the substance found in the automobile tested positively for cocaine.

Furthermore, the record indicates that the evidence presented at trial proved circumstantially that Defendant's knowledge of the cocaine. Although the CI did not testify, the police officers testified that the officer dialed on a departmental cell phone the number that the CI supplied, overheard the CI place the order for cocaine, designated the time and place for the sale, overheard the content of the returned phone call, and saw Defendant's car arrive at the time and place previously arranged.

- 13 -

> They also testified that the CI indicated that the car contained the CI's dealer and the departmental cell phone number matched one of the numbers found on Defendant's pager. Defendant did not claim that the pager belonged to some one else in his Motion or in his hearing testimony. As such, Defendant fails to show that there is a reasonable probability that had this defense been presented that the outcome would have been different.

Respondent's Exhibit 6 at 115-17. The state court's finding that Jones followed his counsel's advice, rather than counsel refusing to allow Jones to testify, binds this court. Consequently, ground four lacks merit. The state court's finding that a "set-up defense" was not viable as a matter of state law also binds this court. See McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."), cert. denied, 507 U.S. 975 (1993). Accordingly, Jones fails to show that the state court unreasonably applied Strickland in rejecting both grounds four and seven.

Accordingly, Jones's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Jones and close this case.

ORDERED in Tampa, Florida, on March 3, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE